**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


| | |
|---|---|
| ROBERT J. REPETTO, | DOCKET NUMBER |
| Appellant, | PH-0752-16-0358-I-1 |
| v. | |
| DEPARTMENT OF | DATE: December 20, 2023 |
| TRANSPORTATION, | |
| Agency. | |


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]


<u>Robert J. Repetto</u>, Blackwood, New Jersey, pro se.

<u>Joshua E. Jarrett</u>, Esquire, Des Moines, Washington, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The central issue in this appeal is whether the appellant, a former Air Traffic Control Specialist (with responsibilities to insure the safe, orderly, and expeditious movement of air traffic along air routes and at airports), is alcohol dependent, and the dispute over that question is one of long standing. On October 3, 2013, during an arbitration related to the appellant's fitness for duty, an arbitrator issued a Mediated Arbitration Award that required the appellant to submit to an independent medical examination (IME) to determine whether he is alcohol dependent. Initial Appeal File (IAF), Tab 10, Subtab 4I. Pursuant to that award, if the appellant refused to submit to the IME, the agency would be permitted to take whatever action it deemed appropriate. *Id.* at 67, ¶ 3.

The appellant had his IME with S.L., M.D., on June 19, 2014, and Dr. S.L. issued his report on July 9, 2014. IAF, Tab 19 at 22-29. Dr. S.L. concluded that the appellant met the diagnostic criteria for "Alcohol Use, Mild" contained in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, and for "Alcohol Abuse" under the agency's criteria.[2] *Id.* at 27, 30. Dr. S.L. suspected

---

[2] More specifically, the diagnosis was "Alcohol Use Disorder, Mild R/O Moderate, and Alcohol Abuse R/O Alcohol Dependency." IAF, Tab 19 at 27. The notation "R/O" means "rule out." In Dr. S.L.'s view, more information was needed before he could rule out the appellant's possible "Alcohol Use Disorder, Moderate, and Alcohol Dependency."

that the appellant met the criteria for "Alcohol Dependency," but Dr. S.L. did not have enough information to make that determination. *Id.* at 30. The reason he lacked sufficient information is key to this case. Dr. S.L. reported that, during the IME, the appellant was "very guarded and evasive, choosing his words very carefully, disclosing very little information." *Id.* at 26. He opined that the appellant understated his alcohol consumption during a 2010 incident in which he failed a field sobriety test and that the appellant would have had to consume significantly more alcohol than he claimed for him to fail the test. *Id.* at 28. Dr. S.L., in his report, stated that the appellant was "not forthcoming and was reluctant to discuss his history of alcohol use, the amount he drank, the frequency he drank or any of the details of his alcohol use or subsequent symptoms and consequences." *Id.* at 28. Dr. S.L. noted problems with the appellant's responses to the Michigan Alcohol Screen Test, a widely used questionnaire designed to assess possible alcohol abuse. He found that the appellant was "[c]learly . . . minimizing his responses" and remarked that minimization is one common indication of an alcohol problem. *Id.* Dr. S.L. found that some of the appellant's answers were obviously false. *Id.* In a follow-up letter to the arbitrator, Dr. S.L. stated, "I suspect that [the appellant] meets the criteria for Alcohol Dependency . . . but as indicated in my evaluation, [the appellant] was not forthcoming and I was unable to review his [medical records from a treatment facility]. As a result, I am unable to state that he has a diagnosis of Alcohol Dependency . . . ." *Id.* at 30. Based on Dr. S.L.'s report, the arbitrator found that the appellant "failed fully to submit" to the IME. IAF, Tab 10, Subtab 4H at 5.

On May 28, 2015, Regional Flight Surgeon H.L., M.D., ruled the appellant medically disqualified on the basis of an established medical history or clinical diagnosis of substance dependence. *Id.*, Subtab 4G at 5. Dr. H.L.'s disqualification was upheld on appeal to the Federal Air Surgeon, J.F., M.D., on September 22, 2015. *Id.*, Subtab 4F at 2-3.

Thereafter, the agency removed the appellant from his position, effective June 10, 2016, based on a charge of Failure to Maintain Medical Certification. *Id.*, Subtabs 4A, 4C, 4L. Following a hearing, the administrative judge issued an initial decision that sustained the charge and found that the appellant failed to prove his affirmative defenses of harmful error and reprisal for filing a prior Board appeal. IAF, Tab 23, Initial Decision (ID).

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds to the petition for review, and the appellant replies to the agency's response. PFR File, Tabs 3-4.

The agency has shown by preponderant evidence that the appellant failed to maintain his medical certification.

The administrative judge correctly found that, to prove a charge of failure to fulfill a condition of employment, the agency must prove: (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). Failing to maintain a medical certification under circumstances like these, wherein a position has established medical standards that employees must meet, is directly parallel to failing to fulfill a condition of employment, and the administrative judge correctly found that the same elements of proof apply. ID at 6-7. Moreover, the administrative judge correctly stated that the Board's authority generally extends to reviewing the merits of losing or withdrawing a condition of employment. ID at 7 (citing *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x. 947 (Fed. Cir. 2008) (Table)). There is no dispute that maintaining a medical certification was a condition of employment for an Air Traffic Control Specialist and that the appellant failed to maintain his certification. ID at 7. The question in this appeal is whether the agency's decision to medically disqualify the appellant was justified.

The medical standard at issue is contained in Federal Aviation Administration (FAA) Order 3930.3B, Appendix A:

**5. Mental.** No established medical history or clinical diagnosis of any of the following:

. . . .

    **d.** Substance dependence.

        (1) Except where there is established clinical evidence, satisfactory, to the [Federal Air Surgeon], of recovery, including sustained total abstinence from the substance(s) for not less than the preceding 2 years.

        (2) As used in this section "substance" includes: alcohol . . . ; and, "substance dependence" means a condition in which a person is dependent on a substance, [other than tobacco and caffeine], as evidenced by

           (a) increased tolerance;

           (b) manifestation of withdrawal symptoms;

           (c) impaired control of use; or,

           (d) continued use despite damage to physical health or impairment of social, personal, or occupational functioning.

IAF, Tab 10, Subtab 4J at 28-30. Neither Drs. H.L. nor J.F. provided any detailed medical findings in their disqualification letters to the appellant. *Id.*, Subtab 4F at 2, 4G at 1. The administrative judge found, however, that these doctors based their conclusions about an "established medical history" of alcohol dependence as evidenced by the appellant's two driving under the influence (DUI) arrests in 2004 and 2010, his continued use of alcohol after his first arrest, no demonstrable attempt at rehabilitation, and his increased tolerance of alcohol based on blood alcohol content readings of .306 and .21 taken after his arrests. ID at 8-10.

For his part, the appellant does not dispute any of the *facts* that the flight surgeons relied on, but he disputes their conclusion that he is alcohol dependent. He argues that the agency cannot prove that he is alcohol dependent because no professional has clinically diagnosed his alcohol dependence after an actual physical examination. IAF, Tab 1 at 6, Tab 18 at 4-8; PFR File, Tab 1 at 5-6, 8, 10-13. The appellant is correct to the extent that the agency's doctors stated that their determinations were based solely on reviewing available medical records.

IAF, Tab 10, Subtab 4G; Tab 19 at 22-29. Dr. S.L.'s findings were inconclusive, and there are no other medical records available. IAF, Tab 19 at 22-29. However, Dr. S.L.'s inability to make a definitive diagnosis and the absence of medical records are the direct result of the appellant's refusal to cooperate both during and after the IME. *Id.* We agree with the flight surgeons that the appellant's 2004 and 2010 DUIs were, by themselves, sufficient to establish that the appellant was substance dependent within the meaning of FAA Order 3930.3B. IAF, Tab 10, Subtab 4G, Subtab J at 28-30; Tab 19 at 22-29. Nevertheless, the arbitration award gave the appellant an opportunity, through an IME, to avoid revocation of his medical certification by giving the agency evidence of recovery. IAF, Tab 10, Subtab 4I at 2-3. The appellant's failure to avail himself of this opportunity does not detract from the agency's otherwise sufficient evidence of alcohol dependency. We therefore agree with the administrative judge's finding that the agency proved its charge that the appellant failed to maintain his medical certification based on his alcohol dependency. ID at 8-10.

<u>The appellant failed to prove his affirmative defenses.</u>

Below, the appellant identified numerous alleged violations of various agency rules and policies. IAF, Tabs 1, 18. The appellant reiterates these claims on review. PFR File, Tab 1. However, harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force,* 47 M.S.P.R. 672, 681, 685 (1991). The administrative judge correctly found that the appellant made no showing that any of these alleged errors likely caused the agency to reach a different outcome. ID at 10-11. The appellant's arguments on review provide no reason to disturb these findings.

The appellant also contended on appeal that the removal constituted retaliation for his prior successful Board appeal of an enforced leave case. IAF,

Tab 1. The administrative judge found that the appellant failed to show that the deciding official had any knowledge of the prior appeal or that any of the principals in this case harbored a retaliatory motive. ID at 11-12. On review, the appellant asserts that Dr. H.L. fabricated her diagnosis because the Board had rejected her diagnosis that formed the basis for his earlier appeal concerning the agency's decision to place him on enforced leave. PFR File, Tab 1 at 6-7. However, the appellant has identified no evidence of record showing that the deciding official was aware of his Board appeal, and he has not pointed to any evidence that would impute Dr. H.L.'s motive, if it existed, to the deciding official. Therefore, we find that the administrative judge correctly found that the appellant failed to prove his affirmative defense of retaliation for having filed a prior Board appeal.[3]

The penalty of removal is reasonable.

The administrative judge found that the penalty of removal was within tolerable limits of reasonableness. ID at 13. We agree. The Board has found that removal is a reasonable penalty when, as here, the appellant has failed to maintain a term or condition of employment. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 11 (2010).

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[3] The appellant did not argue that he was seeking corrective action under the Whistleblower Protection Enhancement Act of 2012 for reprisal as a result of filing a previous appeal with the Board. *See* 5 U.S.C. § 2302(b)(9)(A)(i) (prohibiting an agency from retaliating against an employee for "the exercise of any appeal, complaint, or grievance right" related to whistleblowing); *Hicks v. Merit Systems Protection Board*, 819 F.3d 1318, 1320-21 (Fed. Cir. 2016).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.